UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-4093-MMM |
| | ) |
| JOHN DOE WARDEN , *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging inhumane conditions of confinement and deliberate indifference at the East Moline Correctional Center ("EMCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On December 22, 2017, Plaintiff was confined at EMCC after having been convicted of involuntary manslaughter and aggravated DUI. On that date, Plaintiff's cellmate referred to him as a "child killer" and said that if Plaintiff remained in the cell, he would kill him. Plaintiff asked an unidentified correctional officer to move him and was told that if he wanted to be moved, he should threaten suicide. Plaintiff apparently did so, with the result that Defendant Psychologist

1

Franey ordered him placed on crisis watch. Plaintiff claims that he was held in crisis watch from December 22, 2017 through January 2, 2018 in bitterly cold conditions, where the guards wore coats and gloves, and he was forced to sleep naked on a tile floor without a mattress, sheet or blanket. Plaintiff appears to allege that the cell had an exterior door as he claims that the guards stuffed rolls of paper towels under the door to keep out the wind and snow. He also complains that the cell was brightly lit at all times, rendering him unable to sleep. He further alleges, without detail, that he experienced head and neck pain during this time.

Plaintiff pleads that, on an unidentified date, a black female whom he believes to be the EMCC Warden, came to crisis watch and observed the conditions. For unknown reasons, Plaintiff has identified this individual in the caption as a "John" rather than "Jane" Doe. Plaintiff claims to have personally complained of the cold conditions to Defendant Franey and Defendant Flores, a mental health professional, to no avail. He also alleges that he spoke to Defendant Flores about the head and neck pain without providing detail as to the symptoms he was experiencing, the complaints he related, or whether he asked for medical treatment.

To successfully make out a conditions of confinement claim, a Plaintiff must allege "extreme deprivations." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Adverse conditions of confinement will not rise to a constitutional violation unless "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

While Plaintiff has pled unconstitutional conditions of confinement, he requests only money damages to which he is not entitled, absent evidence of physical injury. *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) ("a prisoner cannot obtain compensatory damages without proving a physical injury. But "physical injury ... is not a filing prerequisite for the federal civil action itself," because the prisoner can still obtain injunctive relief, nominal damages, and punitive damages.") (Internal citations omitted). *See also, Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (citing §1997(e)e which provides "that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Plaintiff has also asserted that Defendant Flores was deliberately indifferent to his head and neck pain. Plaintiff offers no detail as to these conditions, however, and fails to plead that he had a serious medical need, so that a resultant failure to respond would amount to deliberate indifference. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996) (a claim does not rise to the level of an Eighth Amendment violation unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable.") This claim is dismissed though Plaintiff will be given an opportunity to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to

3

include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

    2.    Plaintiff's motion for a copy of the docket and a copy of the complaint [20], is GRANTED. The clerk is to send these documents to him. Plaintiff is reminded, however, that it is his responsibility to keep copies of all of his filings. Any further requests may be subject to a per-page copy charge.

ENTERED:   10/13/2020

                                       s/Michael M. Mihm
                                       MICHAEL M. MIHM
                                 UNITED STATES DISTRICT JUDGE